Argued May 28, reversed June 16, 1975

LOCKE, *Appellant, v.* STATE ACCIDENT
INSURANCE FUND (No. 34-489), *Respondent.*

536 P2d 534

*Sidney A. Galton,* Portland, argued the cause for appellant. With him on the brief were Galton & Popick, Portland.

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

The only issue in this workman's compensation case is whether claimant established that her injury arose in the scope of her employment and was therefore compensable. ORS 656.002(7)(a). The State Accident Insurance Fund (Fund) denied the claim and the denial was approved by a hearings referee. The Workmen's Compensation Board (Board) reversed the hearings referee, finding the injury to be compensable. The circuit court reversed the Board order and reinstated the referee's order. Claimant appeals.

The hearings referee found that claimant felt a sharp pain in her back when storing a ladder under a counter in connection with her employment as a clerk in a Fred Meyers store in Tigard, Oregon, on April 26, 1973. For reasons which are not clear from the referee's opinion, he denied her claim for compensation. The opinion states simply: "* * * [T]he denial [of the claim] by the State Accident Insurance Fund is approved. * * *"

The referee made no findings regarding the credibility of claimant or any of the other witnesses who appeared at the hearing. Absent a finding that claimant's evidence was not credible, the findings of the hearing referee support compensability.

We agree with the Board's order on review, which states in part:

"The Fund argues that 'claimant's story strains credulity.' We disagree. The Referee made no mention of claimant's credibility. Had her credibility been determinative of the case he undoubtedly would have commented on it. The opinion of the Referee is, in fact, unclear as to the rationale of his affirmance. The evidence presented by the Fund does not persuade us that claimant's testimony is unworthy of belief. The Referee properly ordered payment of time loss compensation for the

period preceding the denial. He erred in not finding the claim compensable and to that extent his order should be reversed."

Reversed.